**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company, a New York corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>Inna Ogandzhanova, M.D.,<br><br>    Defendant/Counter-Claimant. | No. CV-12-372-PHX-GMS<br><br>**ORDER** |

The Court held an informal discovery conference with the Parties on March 21, 2013. (Doc. 131.) During that conference, the Court instructed the Parties to "brief the issue as to whether Dr. Ogandzhanova is entitled to reserve information relating to her claims." (*Id.*) That briefing was completed on April 4, 2013. (Docs. 153, 168.) After review, the Court denies Defendant Inna Ogandzhanova's request for reserve information.

**BACKGROUND**

Plaintiff Metropolitan Life Insurance Company ("MetLife") brought this action seeking a declaration that Ogandzhanova was not disabled under MetLife's relevant policies after July 1, 2011. (Doc. 1.) MetLife also seeks a declaration that it was under no obligation to provide disability benefits after July 1, 2011, and that it is entitled to recover all benefits paid, among other things. (*Id.*) Ogandzhanova counterclaimed for breach of contract and bad faith. (Doc. 12.) Discovery is underway. During discovery,

Ogandzhanova requested that MetLife provide her with reserve information relating to her claims. MetLife has objected, claiming that such information is irrelevant to the claims at issue in this case.

**DISCUSSION**

**I.  LEGAL STANDARD**

A district court enjoys broad discretion in controlling discovery. *Harper v. Betor*, 95 F.3d 1157 (9th Cir. 1996) (internal citation omitted). The scope of discovery is governed by Rule 26, which allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case. *See id.*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Further, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion in determining relevance for discovery purposes. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

**II.  ANALYSIS**

In an insurance context, the term "reserve" refers to "a fund of money set aside by a bank or an insurance company to cover future liabilities." *Black's Law Dictionary* (9th ed. 2009). Ogandzhanova asserts that information about MetLife's reserves on her claim is relevant for a number of reasons, all of which concern MetLife's knowledge and beliefs regarding Ogandzhanova's claim. For example, the amount of and fluctuations in reserve totals may reveal when MetLife had sufficient notice of her claim, what effect MetLife's issuance of a reservation of rights might have had, what effect filing the suit had, and so forth. In short, Ogandzhanova claims the reserve information would allow her a glimpse into what MetLife thought about the factual basis and legality of her claim to disability benefits. That, in turn, would assist her in analyzing her bad faith claim, because "bad-faith actions against an insurer, like actions by client against attorney, patient against doctor, can only be proved by showing exactly how the company

processed the claim, how thoroughly it was considered and why the company took the action it did." *Brown v. Super. Ct.*, 137 Ariz. 327, 336, 670 P.2d 725, 734 (1983).

Ogandzhanova's request for reserve information therefore appears relevant on its face. MetLife, as the party resisting that discovery, now has the burden to establish that the information falls outside the broad scope of discovery contemplated by Rule 26. District courts have come out both ways on this question. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 644 (D. Kan. 2007) (relevant); *Bernstein v. Travelers Ins. Co.*, 447 F. Supp. 2d 1100, 1105 (N.D. Cal. 2006) (same). *But see, e.g.*, *Imperial Textiles Supplies Inc. v. Hartford Fire Ins. Co.*, 6:09-CV-03103-JMC, 2011 WL 1743751 at *4 (D.S.C. May 5, 2011) (irrelevant); *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 106 (D.N.J. 1989) (same).

Central to the relevance (or lack thereof) of reserve information in a given case is the method of calculation. If the insurers can show their calculations do not include analysis of the factual or legal merits of the insured's specific claim, but instead rely on automatic factors, then the relevance of reserve information diminishes significantly. *See Leksi*, 129 F.R.D. at 106 ("[T]he setting of reserves is performed by claims personnel who know little about Leksi's policies. I find that the reserve information is only tenuously relevant to whether insurance coverage exists in this matter."). On the other hand, courts have granted motions to compel production of reserve information when the insurers have failed to produce evidence that the reserve arithmetic does not include analysis of the claim's merit. *See U.S. Fire*, 244 F.R.D. at 644 ("[T]he Insurers assert (*without reference to supporting evidence*) that their loss reserves, which are required by law, are not evaluations of the particular claims, but instead depend on various assumptions and business considerations.") (emphasis added); *Bernstein*, 447 F. Supp. 2d at 1106 ("Travelers does not contend, however, that the reserves it sets in response to individual claims are determined only (or even primarily) by such generic considerations. Nor does Travelers suggest that circumstances quite specific to individual claims do not play a significant role when Travelers' adjusters decide what the amount of the reserves

for given claims should be, or at which junctures and under which criteria those amounts should be changed.") In short, when calculation of the reserve amount "'entail[s] an evaluation . . . based upon a thorough factual . . . consideration", the information will be relevant, and vice versa. *Gen. Elec. Capital Corp. v. DIRECTV, Inc.*, 184 F.R.D. 32, 35 (D. Conn. 1998) (quoting *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 288 (D.D.C. 1986)).

MetLife has shown that it does not analyze the factual and legal merit of a claim when it sets and adjusts the reserve amount, and did not do so with Ogandzhanova. Enid Reichert, a Vice President and Actuary at MetLife, stated that the reserve calculation is a factor of assumed average claim termination rates determined by MetLife actuaries from multi-year studies and limited claim profile information, such as the date of disability, monthly benefit amount, policy terms, and the age of the claimant. (Doc. 168-1, Ex. 1 ¶¶ 2-4.) The reserves "do not take into account any facts specific to the claim . . . . Specifically, the reserve does not take into account the merits of the claim, that is whether the claim for benefits is strong or weak." (*Id.* ¶ 5.) Claims personnel are not involved in the calculation of claim reserves. (*Id.* ¶ 6; Doc. 168-2, Ex. 2 ¶¶ 2-4.) It is an automatic calculation divorced from the merits of a specific claim. This is a case where the method of MetLife's reserve calculation takes reserve information out of the realm of relevancy.

Ogandzhanova requested reserve information related to her claims. The Court has determined that such information is irrelevant to the claims at issue. To the extent Ogandzhanova sought information about the reserve methodology and that information was relevant, MetLife appears to have provided it in its Response and attachments. (Doc. 168.) Beyond that, the reserves would not shed further light on the issues in this case. MetLife has shown that the documents pertaining to loss reserves did not "'entail an evaluation . . . based upon a thorough factual . . . consideration.'" *Gen. Elec. Capital*, 184 F.R.D. at 35 (quoting *Independent Petrochemical*, 117 F.R.D. at 288).

/ / /

/ / /

**IT IS THEREFORE ORDERED** that Ogandzhanova's request for reserve information relating to her insurance claims is **DENIED**.

Dated this 9th day of April, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge